**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LANE MYERS,

Plaintiff,

v. No. 1:26-cv-02122-JHR

ANGEL MORENO,
KENT WAHLQUIST and
MARY CARMACK-ALTWEIS,

Defendants.

**SECOND ORDER TO CURE DEFICIENCY AND**
**ORDER GRANTING IN PART MOTION TO FILE ELECTRONICALLY**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Civil Rights Violations (Doc. 1), filed July 1, 2026, Plaintiff's Affidavit of Inability to Pay Costs (Doc. 4), filed July 13, 2026, Plaintiff's Motion for Pro Se Electronic Filing/Electronic Service (Doc. 5), filed July 13, 2026, and Plaintiff's Request to Proceed IFP (Doc. 6), filed July 13, 2026.

**Second Order to Cure Deficiency**

After noting that Plaintiff has not paid the $405.00 filing fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), the Court ordered Plaintiff to either pay the fee or file a Long Form Application and notified Plaintiff that failure to timely pay the fee or file a Long Form Application may result in dismissal of this case. (*See* Doc. 3 at 1-2) (noting that the Guide for Pro Se Litigants, which the Clerk's Office mailed to Plaintiff on July 1, 2026, contains the form "Application to Proceed in District Court Without Prepaying Fees or Costs, (Long Form)").

Plaintiff did not comply with the Court's Order to Cure Deficiency; Plaintiff did not pay the fee or file a Long Form Application. Instead, Plaintiff filed a Request to Proceed IFP and an

Affidavit of Inability to Pay Costs. (*See* Docs. 4, 6.) The Court orders Plaintiff to file a Long Form Application.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Order Granting In Part Motion to File Electronically**

Plaintiff seeks permission to file electronically using the CM/ECF system. The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) (stating that "approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to

participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

Plaintiff "also moves this court to allow electronic service of documents by email." (Doc. 5 at 2.) If the Court grants Plaintiff's Long Form Application to proceed *in forma pauperis*, the Court will be responsible for having Defendants served with a summons and copy of the Complaint. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S. C. § 1915(d). Otherwise, Plaintiff will be responsible for having Defendants served with a summons and copy of the Complaint pursuant to Federal Rule of Civil Procedure 4(c). Rule 5, which governs service of other papers, states, among other things, that a paper is served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E). The Court denies Plaintiff's request to allow electronic service of documents by email to any Defendants who are not registered users of CM/ECF because Plaintiff has not shown that they have consented in writing to such service.

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file a Long Form Application *and* follow all instructions in the Long Form Application may result in dismissal of this case.

(ii) Plaintiff's Motion for Pro Se Electronic Filing/Electronic Service (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART** as follows. Plaintiff is granted permission to file documents electronically using CM/ECF in this case. The Court denies Plaintiff's request to allow electronic service of documents by email to any Defendants who are not registered users of CM/ECF.

**THE HONORABLE JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**