**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LANE MYERS,

Plaintiff,

v. No. 1:26-cv-02122-SMD-JHR

ANGEL MORENO,
KENT WAHLQUIST and
MARY CARMACK-ALTWEIS,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

*Pro se* Plaintiff filed a Complaint for Civil Rights Violations but did not pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *See* Doc. 1, filed July 1, 2026.

United States Magistrate Judge Jerry H. Ritter ordered Plaintiff to either pay the fee or file a Long Form Application and notified Plaintiff that failure to timely pay the fee or file a Long

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

Form Application may result in dismissal of this case. *See* Order to Cure Deficiency, Doc. 3, filed July 2, 2026 (noting that the Guide for Pro Se Litigants, which the Clerk's Office mailed to Plaintiff on July 1, 2026, contains the form "Application to Proceed in District Court Without Prepaying Fees or Costs, (Long Form)").

Plaintiff did not comply with Judge Ritter's Order to Cure Deficiency; Plaintiff did not pay the fee or file a Long Form Application. Instead, Plaintiff filed a Request to proceed IFP and a Declaration in support of request to proceed IFP. *See* Doc's 4, 6, filed July 13, 2026.

Judge Ritter then ordered Plaintiff to file a Long Form Application. *See* Second Order to Cure Deficiency at 3, Doc. 7, filed August 18, 2026 (notifying Plaintiff that failure to timely file a Long Form Application may result in dismissal of this case). Judge Ritter also granted Plaintiff's motion for permission to file documents electronically in this case using CM/ECF. *See* Second Order to Cure Deficiency at 3. Plaintiff did not file a Long Form Application or otherwise respond to Judge Ritter's Order by the September 8, 2026, deadline.

The Court dismisses this case without prejudice because Plaintiff has not complied with Judge Ritter's Order to file a Long Form Application to proceed *in forma pauperis*. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). Because it is dismissing this case and based on Plaintiff's failure to comply with Judge Ritter's Order to file a Long Form

Application, the Court denies Plaintiff's Request to Proceed IFP and his Declaration in Support of Request to Proceed IFP.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Request to proceed IFP, Doc. 6, filed July 13, 2026, is **DENIED.**

(iii) Plaintiff's Declaration in support of request to proceed IFP, Doc. 4, filed July 13, 2026, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**